UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREDDY HERNANDEZ MUNOZ,

    Petitioner,

v.        Case No.: 2:26-cv-00173-SPC-NPM

MIAMI FIELD OFFICE DIRECTOR, IMMIGRATION AND CUSTOMS ENFORCEMENT *et al.*,

    Respondents,
_____/

## OPINION AND ORDER

Before the Court are Freddy Hernandez Munoz's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Hernandez Munoz's reply (Doc. 6). For the below reasons, the Court grants the petition.

Hernandez Munoz is a native and citizen of Cuba who entered the United States on July 17, 2022. The Department of Homeland Security ("DHS") apprehended Hernandez Munoz, issued him a notice to appear, and released him on recognizance. He has no criminal record, maintains steady employment, and is the sole provider for his daughter and grandson. Immigration and Customs Enforcement ("ICE") agents arrested Hernandez Munoz on November 7, 2025, when he attended a routine check-in appointment at the ICE office in Miramar, Florida. At a custody redetermination hearing, an immigration judge found he lacked jurisdiction to

consider release on bond. Hernandez Munoz is currently detained at Glades County Detention Center without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Hernandez Munoz. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Hernandez Munoz asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

The respondents also argue § 1225(b)(2) applies to Hernandez Munoz's current detention because he was detained at the border upon his entry in 2022. But applying § 1225(b)(2) to noncitizens years after they were

apprehended at the border and released into the country does not comport with the policy justification for treating noncitizens in the country differently than those seeking entry. As the Supreme Court observed, "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality. In the latter instance, the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'" *Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953)); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Hernandez Munoz's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Hernandez Munoz has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond

hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Hernandez Munoz before an immigration judge for an individualized bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings. In other cases before this Court, the respondents have claimed they cannot direct the EOIR when to conduct a bond hearing. Regardless, subjecting Hernandez Munoz to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Hernandez Munoz receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Freddy Hernandez Munoz's Verified Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)  Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Hernandez Munoz for an individualized bond hearing before an immigration judge or (2) release Hernandez Munoz under reasonable conditions of supervision. If the respondents release Hernandez Munoz, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

4

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 10, 2026.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1